## Taylor & Farley v. Beebe.

*Appeal from Floyd District Court — Thursday, October 7*

PROMISSORY NOTE: SET-OFF: PREPONDERANCE OF EVIDENCE.

Action upon the following promissory note:

"$92.                    Green Lake, Wis , *Jan. 20th,* 1860.
"For value received I will pay to the order of F. W. Burdett, ninety-
"two dollars, with interest, on the first day of October next.
                                B. F. Beebe."

Indorsed on the back, "Pay Taylor & Farley or order, F. W. Burdett." Also, "October 20th, 1861, received on the within $25."

The defendant for answer admitted the execution of the note, and that it was given in part payment for a melodeon, and avers, that, at

the time of the payment of the twenty-five dollars thereon, the note was not and had not been assigned or indorsed to plaintiffs or any one, but was owned and held by the payee, F. W. Burdett, to whom the payment was made; that he had paid said note in full to said payee by board for himself and horse, one day and night each week, for ninety-six weeks, at eighty cents each time, and all prior to the date of said payment.

The plaintiffs filed a reply denying the payment, and averring that the melodeon, for which the note was given, was theirs, and that Burdett was only their agent for the sale of it, and acted as their agent in receiving the payment made on it; that the note was indorsed to them shortly after or about the time it was given, and was their property; that the claim for board, etc., of Burdett was groundless, for the reason that Burdett was giving music lessons to the defendant's daughter, and by agreement was to have his board, etc., in addition to the money tuition paid him.

The cause was tried to the court and facts found as follows: Plaintiffs were in fact the owners of the melodeon, and Burdett was their agent. The note was not indorsed to plaintiffs till fall of 1861. It appears that Burdett, as to the plaintiffs, acted as agent to collect the note in money only, but as to defendant he acted as principal. That at the time Burdett indorsed the note to plaintiffs he was indebted to defendant one hundred dollars. It does not appear that Burdett ever applied any thing in payment of the note. Upon these facts the court found, as a legal conclusion, for defendant, and rendered judgment in his favor for costs. The plaintiffs appeal.

*Starr & Patterson* for the appellants — *J. W. Card* for the appellee.

COLE, J. — This judgment must be reversed, because the finding of facts by the court is, in our opinion, contrary to the evidence. There is no conflict in the evidence as to the fact that the note in controversy was always the property of plaintiffs, although it was made payable to their agent. The testimony of the agent and of each of the plaintiffs show that it was indorsed by the agent to the plaintiffs, and delivered by him to them within a few days after it was executed; that it was kept by them and was not in the possession of the agent except when he was sent to collect it, and at the time of the payment of the twenty-five dollars indorsed thereon. Against this testimony is that of the defendant, that there was no indorsement on it when he paid the twenty-five dollars. This negative testimony of one witness can-not be properly held to overcome the positive statements of the three. Especially is this so, when the evidence of the one must be understood as stating that he saw no indorsement on the note; while the three swear positively that it was there. In this way the whole may be

reconciled consistent with the integrity of all—only imputing a mistake to the one, in that he did not see what was written on the back of the note, and this, although in truth he examined the note.

If this indorsement was put upon the note shortly after it was given, then the set-off pleaded by defendant, and held by him against the agent, and which accrued, if at all, long after that time, cannot of course be used against these plaintiffs.

                                                    Reversed.